## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

| | |
|---|---|
| MONAKER GROUP, INC., a Nevada Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| REALBIZ MEDIA GROUP, INC., a Delaware Corporation; and, AMERICAN STOCK TRANSFER & TRUST COMPANY, LLC, a New York Limited Liability Company, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, MONAKER GROUP, INC., f/k/a Next 1 Interactive, Inc. ("Monaker"), hereby sues Defendants, REALBIZ MEDIA GROUP, INC., f/k/a Webdigs, Inc. ("RealBiz"), and AMERICAN STOCK TRANSFER & TRUST COMPANY, LLC ("AST"), and states as follows:

### INTRODUCTION

This is an action for damages and injunctive and declaratory relief, arising from RealBiz's declared cancellation, retirement, and/or termination of certain securities. As set forth in greater detail below, RealBiz notified Monaker of its intent to unilaterally cancel, retire, and/or terminate its preferred and common stock held by Monaker. RealBiz's announced cancellation, retirement, and termination was without Monaker's consent, and done in violation of the Delaware Code and the terms of RealBiz's preferred and common stock.

## JURISDICTION, PARTIES, & VENUE

1.       This is an action for injunctive and declaratory relief and damages in excess of $75,000, exclusive of interest and costs, and between citizens of different states; thus jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.

2.       Plaintiff Monaker is a Nevada corporation with its principal place of business located in Weston, Florida.

3.       Defendant RealBiz is a Delaware corporation with its principal place of business located in New Jersey.

4.       Defendant AST is a New York limited liability company with its principal place of business located in New York, and, upon information and belief, none of its members are citizens of Florida.

5.       AST is the transfer and registry agent for Defendant RealBiz.

6.       Defendants are subject to the personal jurisdiction of this Court pursuant to section 48.193(1), Florida Statutes, because they have: (i) committed tortious acts within this State; caused injury to persons or property within this State arising out of an act or omission by Defendants outside of this State while they were engaged in service activities within this State; and, breached a contract in this State by failing to perform acts required by the contract to be performed in this State.

7.       Defendants are also subject to this Court's personal jurisdiction pursuant to section 48.193(2), Florida Statutes, because Defendants have engaged in substantial and not isolated activity within this State.

8.       Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because Monaker maintains its principal place of business in the county, the impact and a

significant part of Defendants' misconduct occurred in this District, and Defendants are subject to personal jurisdiction in this District.

## GENERAL FACTUAL ALLEGATIONS

*Monaker's Acquisition of RealBiz's Preferred and Common Stock*

9.      Prior to March 2012, Monaker owned 100,000,000 shares of the common stock of Next One Realty, Inc., a wholly-owned subsidiary ("Next One Common Stock").

10.      On or about April 3, 2012, Monaker entered into an agreement with RealBiz to acquire 93,000,000 shares of newly-designated Series A Convertible Preferred Stock of RealBiz ("RealBiz Preferred Stock") in exchange for the Next One Common Stock.  A true and correct copy of the Share Exchange Agreement is attached as **Exhibit 1** and incorporated herein.

11.      Upon closing of the Share Exchange Agreement, RealBiz became a majority-owned, consolidated subsidiary of Monaker.

12.      RealBiz filed a Certificate of Designation of the RealBiz Preferred Stock ("RB Certificate of Designation"), setting forth the total number of Series A Convertible Preferred Stock to be issued, and fixing the rights, powers, designations, and limitations of such shares.  A true and correct copy of the RB Certificate of Designation is attached as **Exhibit 2** and incorporated herein.

13.      Pursuant to the RB Certificate of Designation, each share of the RealBiz Preferred Stock is convertible into common stock of RealBiz, at any time, at the option of the holder, and Monaker had the unconditional right, for a period of 12 months from the first date on which the Series A Convertible Preferred Stock was issued, to obtain a sufficient number of additional shares of Series A Convertible Preferred Stock to ensure that it held no fewer than 51% of all of

the outstanding voting securities of RealBiz ("Limited Anti-Dilution Right"). (Ex. 2 §§ 6 & 11(a).)

14.     On or about August 16, 2012, Monaker filed Certificates of Designation for its own newly-issued Series B, Series C, and Series D [Dual] Convertible Preferred Stock (collectively, "Monaker Preferred Stock"), setting forth the total number of Series B, Series C, and Series D stock to be issued, and fixing the powers, rights, designations, and limitations of such shares.  True and correct copies of the Certificate of Designation of Preferences, Rights and Limitations of the Monaker Preferred Stock are attached as Composite **Exhibit 3** and incorporated herein.

15.     Each share of the Monaker Preferred Stock is convertible into common stock of either Monaker or RealBiz, at any time, at the option of the holder. (Ex. 3 § 6(a).)

16.     As of October 2013, RealBiz owed Monaker approximately 31,000,000 additional shares of Series A Convertible Preferred Stock pursuant to the Limited Anti-Dilution Right and the agreement between the parties.

17.     However, the RB Certificate of Designation only permitted the issuance of a total of 100 million shares of its Series A Convertible Preferred Stock, thus, in October 2013 and July 2014, the Board of Directors of RealBiz approved an increase in the total number of its authorized shares of Series A Convertible Preferred Stock, as well as the restatement of the RB Certificate of Designation to correctly show the Stated Value as $1.00 per share.

18.     Thereafter, on or about October 2014, RealBiz filed a Certificate of Amendment of the Certificate of Designations, Number, Voting Powers, Preferences and Rights of the RealBiz Preferred Stock a Certificate of Designation of the RealBiz Preferred Stock ("RB Amended Certificate of Designation"), setting forth the approved increase in the total number of

Series A Convertible Preferred Stock to be issued, but failing to properly correct the Stated Value thereof as authorized by the Board of Directors of RealBiz.  A true and correct copy of the RB Amended Certificate of Designation is attached as **Exhibit 4** and incorporated herein.

19.     RealBiz then issued 25,983,600 additional shares of its Series A Convertible Preferred Stock to Monaker to comply with the Limited Anti-Dilution Right.

20.     Monaker has converted a total of 26,830,660 shares of the RealBiz Preferred Stock into 26,830,660 shares of common stock of RealBiz, each on a one-for-one basis, since October 2012 to the present.

21.     Further, on September 25, 2015, RealBiz issued to Monaker an additional 10,359,890 shares of its common stock as payment for the dividends due, as of August 31, 2014, on the RealBiz Preferred Stock per the terms of the RB Amended Certificate of Designation.  A true and correct copy of the Unanimous Written Consent of the Board of Directors of RealBiz is attached as **Exhibit 5** and incorporated herein.

*RealBiz's Breach of Stock Agreements*

22.     On November 16, 2016, RealBiz notified Monaker that the Board of Directors of RealBiz voted to cancel and retire all issued and outstanding shares of RealBiz Preferred Stock and all (but 1,341,533) shares of the common stock of RealBiz held by Monaker ("RealBiz Common Stock"), and demanded that Monaker return all shares of the RealBiz Common Stock (the "Stock Retirement").  A true and correct copy of RealBiz's letter re the Stock Retirement is attached as **Exhibit 6** and incorporated herein.

23.     A week later, on November 22, 2016, RealBiz announced that its Board of Directors had further authorized a one for two-hundred split of its issued and outstanding

common stock (the "Reverse Stock Split"). A true and correct copy of RealBiz's Reverse Stock

Split announcement is attached as **Exhibit 7** and incorporated herein.

24.     Monaker did not consent to the Stock Retirement or the Reverse Stock Split.

25.     Monaker has retained the law firm of Carlton Fields Jorden Burt, P.A. to maintain

this action and are obligated to pay the firm a reasonable fee for its services.

26.     All conditions precedent to the filing of this action have been performed, waived,

or otherwise excused.

**COUNT I**
**Declaratory Judgment**
**(Against RealBiz and AST)**

Monaker re-alleges and incorporates the allegations set forth in paragraphs 1-26 above, as

though fully set forth herein, and further states

27.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

28.     Monaker holds all of RealBiz's Series A Convertible Preferred Stock, and a

significant percentage of the common stock of RealBiz.

29.     Pursuant to the RB Amended Certificate of Designation and Realbiz's articles of

incorporation and by-laws, the vote or written consent of the holders of at least a majority of the

then-outstanding shares of the Series A Convertible Preferred Stock and common stock are

required for RealBiz to effectuate the Stock Retirement and Reverse Stock Split.

30.     Furthermore, under Delaware law, a corporation can only cancel and retire shares

of its capital stock, by resolution of its board of directors, if those shares are issued but not

outstanding, and must ensure that a reverse stock split is entirely fair to the corporation and its

shareholders.

31.     Notwithstanding the terms of the RB Amended Certificate of Designation, its

articles of incorporation and by-laws, and Delaware law, RealBiz has taken the position that it

can complete the Stock Retirement and the Reverse Stock Split without Monaker's consent and/or without compensating Monaker for the fair value of its shares.

32.     A bona fide dispute exists between the parties as to their legal rights and obligations with respect to the announced Stock Retirement and Reverse Stock Split.

WHEREFORE, Plaintiff Monaker respectfully requests that this Court enter a judgment declaring that:

a)   the rights and obligations of Monaker, RealBiz, and AST with respect to the issuance, cancellation, retirement, and/or termination of RealBiz's Series A Convertible Preferred Stock and common stock are governed under Delaware law, RB Amended Certificate of Designation, and RealBiz's articles of incorporation and by-laws;

b)   Pursuant to 8 Del. C. § 243, RealBiz can only cancel, retire, and/or terminate shares of its Series A Convertible Preferred Stock and/or common stock that are issued but not outstanding;

c)   Pursuant to the RB Amended Certificate of Designation and RealBiz's articles of incorporation and by-laws, in addition to any other consent required by law, RealBiz had to obtain the vote or written consent of Monaker to complete the Stock Retirement and the Reverse Stock Split;

d)   Pursuant to RealBiz's articles of incorporation and by-laws, in addition to any other consent required by law, RealBiz had to obtain the vote or written consent of a majority of the holders of the shares of the company to complete the Reverse Stock Split;

e)   RealBiz failed to obtain the requisite consent for the purported Stock Retirement and Reverse Stock Split, thus both actions by RealBiz are null and void; and,

f)   Monaker's RealBiz Preferred Stock and RealBiz Common Stock remain issued and outstanding.

In addition, Monaker requests that this Court enter an award of attorneys' fees and costs, and grant all such further relief as the Court deems just and proper.

## COUNT II
### Breach of Contract
### (Against RealBiz)

Monaker re-alleges and incorporates the allegations set forth in paragraphs 1-26 and 28 above, as though fully set forth herein, and further states:

33.     The terms and conditions of RealBiz's common stock and Series A Convertible Preferred Stock are governed by RealBiz's articles of incorporation, by-laws, and the RB Amended Certificate of Designation, and are valid and binding between Monaker and RealBiz.

34.     RealBiz breached its articles of incorporation, by-laws, and the RB Amended Certificate of Designation by declaring the Stock Retirement and the Reverse Stock Split without obtaining Monaker's consent.

35.     RealBiz further breached its articles of incorporation, by-laws, and the RB Amended Certificate of Designation by failing to redeem the RealBiz Preferred Stock or the RealBiz Common Stock.

36.     As a direct result of RealBiz's breaches, Monaker has suffered (and continues to suffer) damages because it is being prevented from exercising its rights with respect to the RealBiz Preferred Stock and the RealBiz Common Stock, and complying with transfer requests of the holders of the Monaker Preferred Stock.

WHEREFORE Plaintiff Monaker respectfully requests injunctive relief and demands judgment against Defendant RealBiz for damages in excess of $300,000, plus post-judgment interest, attorney's fees and costs, and any other relief this Court deems just and proper.

## COUNT III
### Conversion
### (Against RealBiz)

Monaker re-alleges and incorporates the allegations set forth in paragraphs 1-26 and 28 above, as though fully set forth herein, and further states:

37.     Monaker has the right to immediate and continued possession of the RealBiz Preferred Stock and the RealBiz Common Stock until such stock is sold or lawfully redeemed by RealBiz.

38.     RealBiz unlawfully converted the RealBiz Preferred Stock and the RealBiz Common Stock issued to Monaker by virtue of the Stock Retirement.

39.     RealBiz further unlawfully converted the RealBiz Common Stock issued to Monaker by virtue of the Reverse Stock Split.

40.     The certificates reflecting the RealBiz Preferred Stock and the RealBiz Common Stock continue to be maintained by RealBiz and/or Defendant AST.

41.     RealBiz has refused to abandon the Stock Retirement or the Reverse Stock Split, despite Monaker's demands.

42.     The actual value of the RealBiz Preferred Stock and the RealBiz Common Stock is in excess of $300,000.

WHEREFORE, Plaintiff Monaker demands judgment against Defendant RealBiz for damages in excess of $300,000, plus post-judgment interest, costs, and any other relief this Court deems just and proper.

### COUNT IV
### Injunctive Relief
### (Against RealBiz and AST)

Monaker re-alleges and incorporates the allegations set forth in paragraphs 1-26, 28-30, and 33-35 above, as though fully set forth herein, and further states

43.     The Stock Retirement and the Reverse Stock Split prevent Monaker from fully exercising its rights as a shareholder of RealBiz.

44.     The Stock Retirement and the Reverse Stock Split also prevent Monaker from complying with the transfer requests of its own shareholders pursuant to the terms of the

Monaker Preferred Stock.

45.     Monaker has a substantial likelihood of success on the merits of its claim, because RealBiz cannot complete the Stock Retirement and the Reverse Stock Split without Monaker's consent and/or while those shares remain outstanding, pursuant to its own articles of incorporation, by-laws, the RB Amended Certificate of Designation, and Delaware law.

46.     RealBiz has implemented the Stock Retirement and the Reverse Stock Split in bad faith and with the intent of depriving Monaker of its voting rights and stake in RealBiz without compensation.

47.     The harm Monaker will suffer from being denied reasonable control of its personal property and being exposed to liability to its shareholders for failing to honor their transfer requests, greatly outweighs any harm that Defendants RealBiz and AST may suffer from being prevented from improperly cancelling, retiring, and/or terminating the RealBiz Preferred Stock and the RealBiz Common Stock and violating Delaware law; thus, an injunction will not disserve the public interest.

WHEREFORE, Plaintiff Monaker respectfully requests the Court enter an order enjoining Defendants RealBiz and AST from completing the Stock Retirement and Reverse Stock Split, award Plaintiff its reasonable attorneys' fees and costs, and grant any other relief this Court deems just and proper.

Dated: November 30, 2016.

Respectfully submitted,

**CARLTON FIELDS JORDEN BURT, P.A.**
*Counsel for Plaintiff Monaker Group, Inc.*
100 S.E. Second Street, Suite 4200
Miami, Florida 33131
Tel: 305-530-0050
Fax: 305-530-0055

By: */s/ Adrian K. Felix*

Jose A. Loredo
Florida Bar No. 603058
jloredo@carltonfields.com (Primary)
djester@carltonfields.com (Secondary)
Adrian K. Felix
Florida Bar No. 30846
afelix@carltonfields.com (Primary)
djester@carltonfields.com (Secondary)
miaecf@cfdom.net (Secondary)